UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEREEN BOBROWSKY,

                Plaintiff,

- *against* -

THE CITY OF YONKERS, et al.,

                Defendants.

08 Civ. 11302 (SCR)(LMS)

**AMENDED REPORT & RECOMMENDATION**

**TO:  THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

    *Pro se* Plaintiff Shereen Bobrowsky brings the above captioned action against Defendants the City of Yonkers, the Yonkers Assessment Department, the Yonkers Police Department, Police Officer Dean Renzi (the "Yonkers Defendants" collectively), Herbert Posner ("Posner"), Judicial Title Insurance Agency, Inc., Judicial Title Insurance Agency, LLC ("Judicial" collectively), Jacques Bobrowsky ("Jacques"), Lillian Bobrowsky ("Lillian"), and John Doe.  Docket #15, Pl.'s Am. Compl.  It is not entirely clear to this Court what causes of action Plaintiff attempts to assert in her Amended Complaint.  Plaintiff makes a panoply of allegations in her complaint that appear to be intended to plead a civil rights action under 42 U.S.C. § 1983, among other federal and state causes of action.  See generally Pl.'s Am. Compl.  Ultimately, Plaintiff seeks declaratory and injunctive relief, specifically, that this Court stay any Yonkers City taxes, stay any Westchester County Supreme Court proceedings and transfer the state court proceedings to this Court, a protective order as to all Defendants, an order that the United States Postal Service is to deliver all Plaintiff's mail, a stay of action by Plaintiff's disability company, for the Court to direct the Yonkers Police Department to track all E-Bay items sold, retrieval of all of Plaintiff's books sold on E-Bay, and an order that Defendant Posner

is to put all monies paid by Plaintiff for taxes, utilities, and other expenses associated with maintaining the real property located at 88 Fanshaw Street into escrow.  Plaintiff also requests an award of damages of $25,000,000 from the City of Yonkers for keeping Plaintiff out of her home, from the City of Yonkers for destroying Plaintiff's family, from the City of Yonkers and Yonkers Police Department for Defendant Renzi's role in an assault committed upon Plaintiff, restitution for being out of her home for two-and-a-half years, as well as attorneys fees and costs. See Pl.'s Compl.

Defendants have moved to dismiss Plaintiff's amended complaint.  Defendant Judicial moves to dismiss Plaintiff's complaint under Fed. R. Civ. Proc. 12(b)(6) for failing to assert a claim.  Deft. Judicial's Mem. Of Law, 4.  The Yonkers Defendants move to dismiss pursuant to Rule 12(b)(6) and 12(b)(5).  Deft. Yonkers' Mem. Of Law, 8.  The Yonkers Defendants assert that Plaintiff is precluded from raising the claims contained in this complaint pursuant to the doctrines of collateral estoppel and *res judicata*, that Plaintiff fails to state a claim, that there are matters currently pending in the state courts that provide Plaintiff with an adequate forum to litigate her claims, and finally, that Plaintiff's Complaint should be dismissed due to improper service.  See generally Defts' Mem. Of Law.  Defendants Posner, Lillian Bobrowsky and Jacques Bobrowsky generally join the other Defendants' motions to dismiss.  See Docket #33, 51, 52.

## BACKGROUND

**I.   Facts**

This Court is unable to discern with specificity the facts that are meant to support Plaintiff's discrete causes of action.  The allegations contained within Plaintiff's fifty-two page

Amended Complaint are conclusory, as well as repetitive, disjointed, rambling, and devoid of any temporal or substantive context. However, to the extent that this Court is able to discern the facts that are relevant to this complaint, they are as follows:

Plaintiff alleges that Defendant Posner made false allegations in Yonkers Family Court in an effort to perpetrate mortgage fraud and have Plaintiff removed from her home. Pl.'s Am. Compl., ¶ A1. On September 6, 2006, Defendant Posner recorded a fraudulent deed on Plaintiff's home, giving Defendant Jacques ownership of the house. ¶ A12-13. Defendant Posner instructed Defendant Jacques to remove Plaintiff's property from her home. Jacques then auctioned Plaintiff's property on E-bay. ¶ A2. Additionally, because of the fraudulent deed, all of the tax bills went to Defendant Jacques. ¶ A13. Plaintiff alleges that the City of Yonkers thereafter denied her access to all tax and property information regarding the property located at 88 Fanshaw Drive. ¶ A14, A18. Plaintiff's Freedom of Information requests were likewise denied. ¶ A19. In addition, Plaintiff alleges that Defendant City of Yonkers denied Plaintiff the right to care for and maintain her home. ¶ A22.

Plaintiff further alleges that she was assaulted on February 28, 2006, by a man named Potanovic. ¶ B1. Defendant Renzi refused to arrest Potanovic because he had not personally witnessed the assault. ¶ B1. Plaintiff reported Defendant Renzi to the Westchester County District Attorney's Office. ¶ B2. As a result, Defendant Yonkers Police Department refused to take any reports from Plaintiff and refused to enforce court orders. ¶ B3. In addition, Defendant Renzi entered Plaintiff's home on some unknown date, without a warrant, and removed Plaintiff's property. ¶ B19. On June 14, 2006, six unnamed officers entered Plaintiff's home without a warrant and came into Plaintiff's bathroom while Plaintiff was in the bathtub. ¶ B20.

Without providing the connection between these events, Plaintiff then alleges that her "toe was broken, medicine, clothes, purse, and life essential denied as a result of the 'deed allegation' made in family court." ¶ B20. Additionally, Defendant Renzi, along with 35 other Yonkers Police Officers, arrested Plaintiff on July 15, 2006, for making "an angry face." ¶ A4.

Ultimately, Plaintiff alleges that Defendant Posner committed a fraud upon Plaintiff, and that the remaining named Defendants facilitated this fraud. ¶ C1. In an effort to further his fraud, Defendant Posner, along with other Defendants, instructed the United State Post Office to stop forwarding Plaintiff's mail, or, in the alternative, to hold Plaintiff's mail. ¶ C1. Again, Plaintiff alleges that Defendant Posner, acting for and with a title agency, prepared a false deed and recorded said deed, clouding Plaintiff's title in her home. ¶ C5, C6. Plaintiff also alleges that Defendant Posner recorded this deed while acting as a title agent for Defendant Judicial. ¶ E8. Plaintiff's home has sustained extensive damage due to Defendant Posner. ¶ C8. Due to unpaid utility bills, Plaintiff is unable to reopen any utility accounts for her home. ¶ C8.

Plaintiff further alleges that Defendants Posner and Jacques have stalked and surveiled Plaintiff. ¶ D2, D3. Plaintiff was apparently informed by her disability company that she is being reevaluated. ¶ D6. Without clarifying the relationship between the Defendants' surveillance and her disability company's actions, Plaintiff requests that this Court order the disability company proceedings be stayed[1] and order the disability company to turn over any communication received by Defendants Posner and Jacques. ¶ D7, D8.

Plaintiff also alleges that Defendant Posner cashed out Plaintiff's annuity. ¶ E14. She goes on to allege that she was wrongly arrested for violating an existing protective order by

---

[1]The disability carrier is not a party to the action.

parking in front of her home on May 23, 2008, claiming, apparently, that Posner had caused the arrest to occur. ¶ E15. Plaintiff asserts that her mother had not requested an order of protection, and that the car which was allegedly parked there was actually a neighbor's car. ¶ E16. Lastly, Plaintiff alleges that Defendants Posner and Jacques have engaged in mail fraud. See Part F, Pl.'s Am. Compl.

## II.    Procedural History

This case, as Your Honor is aware, has a rather lengthy history. Plaintiff filed the above-captioned action in 2009, but this case originated in 2007 when Plaintiff originally filed for declaratory and injunctive relief in this Court. See Pl.'s Compl., Docket #1, 07-CV-8817, Bobrowsky v. The City of Yonkers, et al. Plaintiff's 2007 complaint, which was slightly more detailed and comprehensible, alleged substantially the same facts and sought substantially the same relief against many of the same defendants as are named in this case. See Pl.'s 2007 Compl., 07-CV-8817. Similar to this case, Defendants moved to dismiss Plaintiff's 2007 Complaint. Ultimately, Your Honor issued a Decision and Order dismissing Plaintiff's 2007 complaint on abstention grounds. 2008 Mem. Decision & Order, 07-CV-8817, May 16, 2008. Plaintiff did not appeal Your Honor's ruling.

Subsequently, eight months after Your Honor dismissed Plaintiff's 2007 complaint, Plaintiff filed the above-captioned action. On March 23, 2009, Your Honor held a hearing on Plaintiff's order to show cause, and denied Plaintiff's application in its entirety. Thereafter, Defendants filed their motions to dismiss. On October 30, 2009, Your Honor conducted a hearing on Plaintiff's second motion for a temporary restraining order, and, again, denied Plaintiff's motion.

5

## DISCUSSION

### I. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must include something more than "an unadorned, the-defendant-unlawfully harmed-me accusation." Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2004) (citations omitted), and must draw all inferences from those allegations in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, a court is not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Previously, a Rule 12(b)(6) motion to dismiss would not be granted unless "it appeared beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the Supreme Court has explained that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), since a literal reading of it would enable a conclusory statement of claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is

plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

*Pro se* complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted). Moreover, *pro se* complaints must be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted). However, a *pro se* complaint must still state a facially plausible claim to survive a motion to dismiss. See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008). Moreover, despite the liberal construction given to *pro se* complaints, "[t]hat policy . . . does not mandate that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable." Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991)(citation omitted). The pleading requirements of Fed. R. Civ. P. 8 "are designed to compel a plaintiff to identify the relevant circumstances which he [or she] claims entitle him [or her] to relief in such a manner that the defendant is provided with fair notice so as to enable him [or her] to answer and prepare for trial. However, complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system and must be dismissed." Id. at 65-66(internal quotation marks and citations omitted).

II.     **Collateral Estoppel**

The Yonkers Defendants, including The City of Yonkers, The Yonkers Assessment Department, the Yonkers Police Department, and Police Officer Dean Renzi, argue that Plaintiff is collaterally estopped from bringing this action as a result of Your Honor's 2008 Decision and Order dismissing Plaintiff's 2007 complaint on Younger abstention grounds. Defts.' Mem. Of Law, p. 11-13.

The doctrine of collateral estoppel bars relitigation of an issue that was previously decided in a prior action where

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999) (quoting In re PCH Assocs., 949 F.2d 585, 593 (2d Cir. 1991))(internal quotation marks omitted). The Second Circuit has held that the preclusive effect of collateral estoppel applies to the issue of abstention.[2] Grieve v. Tamerin, 269 F.3d 149 (2001). In Grieve, the plaintiff filed a case in the Eastern District of New York, which was dismissed on Younger abstention grounds. Plaintiff then filed a new claim in the Southern District of New York "seeking substantially the same relief on substantially the same grounds." Id. at 152. Citing Younger, the Southern District Court likewise dismissed the plaintiff's claims. The plaintiff did not appeal the Southern District Judge's ruling, but rather, filed a motion to reconsider the Eastern District Judge's ruling. The Eastern District denied the plaintiff's motion for reconsideration and the plaintiff appealed. The Second Circuit held that

---

[2]Under Younger, a federal court is to abstain from exercising jurisdiction over a case that involves (1) an ongoing state proceeding, (2) an important state interest, and (3) where the plaintiff has alternate available avenues to address any constitutional claims. Grieve, 269 F.3d at 152 (citing Phillip Morris, Inc. V. Blumenthal, 123 F.3d 103, 105 (2d Cir. 1997)).

8

because the plaintiff did not appeal the Southern District's decision, the order dismissing the plaintiff's claims pursuant to Younger was a final judgment. Therefore, because the plaintiff's Eastern District case was based on the same claims as those contained in the Southern District case, the plaintiff was precluded from arguing in the Eastern District that the Court should not abstain from hearing those claims. Id. at 153-54 ("The Eastern District action and the Southern District action involved the same parties and substantially the same claims...[t]he Complaint in this action seeks the same or substantially the same relief as that sought in [the Eastern District action]...[t]he two cases present precisely the same *Younger* abstention issue. The Plaintiff actually litigated that issue in the Southern District action, and after oral argument that court decided it against [plaintiff] on the merits...Upon [plaintiff's] failure to appeal, that decision became final...and, by operation of collateral estoppel, conclusive on the issue of *Younger* abstention in the Eastern District action also.")

Similarly, in this case, Plaintiff's 2007 case involves many of the same Defendants named in this action. Compare Pl.'s 2007 Complaint with Pl.'s 2009 Am. Compl.[3] Additionally, both complaints allege substantially the same claims against these same Defendants.[4] Both

---

[3] Plaintiff's 2007 complaint names The City of Yonkers, the Yonker['s] Police Department, P.O. Rienzi and PO John Does, among others. Plaintiff's 2009 Amended Complaint also names the City of Yonkers, the Yonkers Police Department, P.O. Renzi, and John Doe, as well as the Yonkers Assessment Department, the Judicial Defendants, Posner, Jacques, and Lillian.

[4] Both the 2007 and 2009 complaints bring causes of action under 42 U.S.C. 1983, based on the 1st, 4th, 5th, and 14th amendments. Both complaints allege that Defendants Officer Renzi and six unnamed officers improperly entered Plaintiff's home while she was in the bathtub. 2009 Am. Compl., ¶ B 19, B20; 2007 Compl., ¶ 33. Both complaints allege Defendant Renzi failed to investigate an alleged assault committed upon Plaintiff. 2009 Am. Compl., ¶ A20, B1; 2007 Compl., ¶ 22, 67. Both complaints allege that Plaintiff was wrongfully removed from her home without a hearing. 2009 Compl., ¶ 3; 2007 Compl., ¶ 59, 68. Both complaints allege that

9

actions seek the same relief.[5]  The two cases present exactly the same <u>Younger</u> abstention issue.  Although pled as federal causes of action, both complaints ask this Court to intervene in ongoing state court proceedings that involve exclusively state interests, including family, property and criminal law.  <u>See</u> Mem. Decision & Order, p. 6, 07-CV-8817, May 16, 2008.  While Plaintiff's complaint contains allegations of constitutional violations, Plaintiff may litigate those claims, along with her state law claims, in state court.  Finally, the parties were previously given the opportunity to litigate whether the Court should abstain from hearing Plaintiff's 2007 complaint under <u>Younger</u>, and Your Honor ruled that the Court should abstain.  <u>Id</u>. at 8.  Plaintiff did not appeal Your Honor's ruling and therefore, the judgment became final, and, "by operation of collateral estoppel, conclusive on the issue of *Younger* abstention" in this action as well.  <u>Grieve</u>, 269 F.3d at 154.

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff is collaterally estopped from arguing that <u>Younger</u> does not require this Court from

---

the Defendants facilitated Defendant Posner's scheme to defraud Plaintiff of her home.  2009 Compl., ¶ C; 2007 Compl., ¶ 88.  And finally, both complaints allege that members of the Defendant Yonkers Police Department failed to perform their duties, falsely arrested Plaintiff, and failed to write reports on Plaintiff's behalf.  2009 Compl., ¶ A20, B; 2007 Compl., ¶ 100-104;

While this Court recognizes that Plaintiff adds a RICO cause of action to her 2009 Amended Complaint, Plaintiff has not alleged any facts that would support the elements required to establish a RICO claim.  Likewise, Plaintiff adds a claim of mail fraud to her 2009 Amended Complaint.  However, Plaintiff asserts this claim against Defendants Posner and Jacques, not the Yonkers Defendants.  Therefore, for purposes of this analysis, the claims are substantially the same.

[5] Both actions seek injunctive and declaratory relief regarding the receipt of Plaintiff's mail.  2007 Compl.¶ 3, 2009 Am. Compl. ¶ I3.  Both actions seek monetary damages in the amount of $25,000,000 for the Defendants' violations of Plaintiff's constitutional rights.   2007 Compl., ¶ 3.

abstaining from adjudicating this case, and accordingly, Plaintiff's complaint should be dismissed in its entirety as to Defendants City of Yonkers, the Yonkers Police Department, and Police Officer Renzi.[6]

### III. Younger Abstention

Likewise, I conclude, and respectfully recommend that Your Honor should conclude, that this Court should abstain from hearing Plaintiff's claims against Defendants Yonkers Assessment Department, Posner, Judicial, Jacques, and Lillian.

As previously discussed, a federal court is to abstain from exercising jurisdiction under Younger when "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Phillip Morris, Inc., 123 F.3d at 105. In this case, it is undisputed that there are ongoing state proceedings. Pl.'s Am. Compl., C, I2; Deft. Yonkers' Mem. Of Law, p. 16; Deft. Judicial's Mem. Of Law, p. 5. Your Honor has previously decided that the interests involved in this case, namely property, family law, and criminal law, are "all areas pertaining to state interests and long understood to be the province of the state."[7] 2008 Mem. Decision & Order, p. 6. Plaintiff's

---

[6] Because I recommend that these Defendants should be dismissed pursuant to the doctrine of collateral estoppel, I do not address the alternate grounds raised by the Yonkers Defendants in their motion to dismiss. Should Your Honor disagree with my recommendation, I respectfully request that Your Honor remand the case to me for further analysis.

Additionally, because Defendant Yonkers Assessment Department was not a party to the 2007 case, I do not recommend that they be dismissed on collateral estoppel grounds. Rather, I conclude, and respectfully recommend that Your Honor should conclude, that this Court should abstain from hearing Plaintiff's claims against Defendant Yonkers Assessment Department pursuant to Younger. See discussion *infra*, Part III.

[7] Although the Defendants discussed in this section were not named in Plaintiff's 2007 complaint, the claims against them in Plaintiff's 2009 complaint stem from the same facts and circumstances as are contained in Plaintiff's 2007 complaint. See generally Pl.'s Compl., 07-

claims against the remaining Defendants, Defendants Posner, Judicial, Lillian and Jacques, are primarily state law claims sounding in property, family and criminal law. Plaintiff's claims stem from a property dispute that was exacerbated by an apparent deterioration in familial relations. See generally Pl.'s Am. Compl. Similar to Plaintiff's 2007 action, Plaintiff asks this Court to intervene in ongoing state court proceedings, and act as the appellate court. As Your Honor previously held, Plaintiff does not present any extraordinary circumstances that would warrant this Court abandoning "the bedrock notions of federalism and comity." 2008 Mem. Decision & Order, p. 7-8. Plaintiff has the appellate process available to her in the state court system, and in fact, Plaintiff has chosen to pursue her rights in that venue.

Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that this Court should abstain from adjudicating Plaintiff's claims against Defendants Yonkers Assessment Department, Judicial, Posner, Lillian, and Jacques.[8]

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motions to dismiss should be granted and the Amended Complaint should be dismissed with prejudice.

---

CV-8817; see generally Pl.'s Am. Compl., 08-CV-11302.

[8] I also note that Plaintiff did not allege a cause of action, or facts that would constitute any cause of action, against Defendants Yonkers Assessment Department or Lillian, aside from naming these Defendants in the "Parties" section of Plaintiff's Amended Complaint. Pl.'s Am. Compl., p. 6-8. I therefore conclude, and respectfully recommend that Your Honor should conclude, that in addition to the foregoing reasons, Defendants Yonkers Assessment Department's and Lillian's motions to dismiss should be granted for failure to state a claim.

## NOTICE[9]

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b)(2), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: December 3, 2009
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Shereen Bobrowsky, pro se
P.O. Box 1305
Bronx, New York 10471

---

[9] As of December 1, 2009, 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 (b)(2) were amended and now provide parties objecting to a Report & Recommendation fourteen (14) days to file written objections.

Bryan Denis Duroy
City of Yonkers, Office of Corporation Counsel
City Hall
40 South Broadway, Suite 300
Yonkers, New York 10701

Hebert N. Posner, pro se
Herbert N. Posner, Esq.
800 Westchester Avenue, Suite S-340
Rye Brook, New York 10573

Angelo Delli Carpini
Angelo Delli Carpini Attorney at Law
800 Westchester Avenue, Suite S-340
Rye Brook, New York 10573

Lillian & Jacques Bobrowsky, pro se
c/o Eloise P. Wexler
2726 SW 5th Street
Delray Beach, Florida 33445