
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEREEN BOBROWSKY,

                Plaintiff,

v.

THE CITY OF YONKERS, et al.,

                Defendants.

---

08 Civ. 11302 (RO)

**ORDER**

OWEN, District Judge:

    Pro se Plaintiff Shereen Bobrowsky brings this action against Defendants the City of Yonkers, the Yonkers Assessment Department, the Yonkers Police Department, Police Officer Dean Renzi (collectively referred to as the "Yonkers Defendants"), Hebert Posner ("Posner"), Judicial Title Insurance Agency, Inc., Judicial Title Insurance Agency, LLC (collectively referred to as "Judicial"), Jacques Bobrowsky ("Jacques"), Lillian Bobrowsky ("Lillian"), and John Doe. Plaintiff seeks declaratory and injunctive relief, including the following: that the Court stay any taxes imposed by Yonkers city; that the Court stay any Westchester County Supreme Court proceedings and transfer the state court proceedings to this Court; a protective order as to all Defendants; an order that the United States Postal Service is to deliver all Plaintiff's mail; a stay of action by Plaintiff's disability company; for the Court to direct the Yonkers Police Department to track all E-Bay items sold; retrieval of all of Plaintiff's books sold on E-Bay; and an order that Defendant Posner is to put all monies paid by Plaintiff for taxes, utilities, and other expenses associated with maintaining the real property located at 88 Fanshaw Street into escrow; an award of damages of $25,000,000 from the City of Yonkers for keeping

Plaintiff out of her home and destroying her family, as well as from the City of Yonkers and Yonkers Police Department for Defendant Renzi's role in an assault committed upon Plaintiff; restitution for being kept out of her home for two-and-a-half years; and attorneys fees and costs.

The factual and procedural background behind this action is explained in the December 4, 2009 Amended Report and Recommendation (the "Report") issued by Magistrate Judge Lisa Margaret Smith and will not be repeated in full here. As stated in the Report, the allegations contained in the lengthy Complaint are "conclusory, as well as repetitive, disjointed, rambling, and devoid of any temporal or substantive contexts." (Report at 3).

This action originated in 2007 when Plaintiff originally filed for declaratory and injunctive relief, alleging similar facts and seeking similar relief against many of the same defendants as in this action. Judge Stephen C. Robinson issued a Decision and Order on May 16, 2008, dismissing the 2007 complaint on abstention grounds. Plaintiff then filed this action on December 30, 2008.

Defendants thereafter moved to dismiss: Defendant Judicial moved to dismiss Plaintiff's complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6); the Yonkers Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (6), asserting that Plaintiff is precluded from raising her claims by the doctrines of collateral estoppel and res judicata, that Plaintiff has failed to state a claim, that there are matters pending in the state courts that provide Plaintiff with an adequate forum, and that Plaintiff did not serve Defendants properly. Defendants Posner, Lillian Bobrowsky, and Jacques Bobrowsky generally join the other Defendants' motions to dismiss.

As stated above, Judge Lisa Margaret Smith issued a Report and Recommendation on December 4, 2009, in which she recommended that Defendants' motions to dismiss be granted

and that Plaintiff's Amended Complaint be dismissed with prejudice. (Docket Entry No. 69.) On December 8, 2009, Plaintiff by letter requested an extension of time to file objections to the Report, which was granted by Judge Robinson. (Docket Entry No. 71.) On December 30, 2009, by letter to Judge Robinson, Plaintiff requested, among other things: the adjournment of the motion to dismiss; the appointment of counsel; that the court "locate the interlocutory appeal" Plaintiff claims to have filed as well as transcripts of proceedings in 2009; and "discovery and depositions." (Docket Entry No. 72.) Judge Robinson denied Plaintiff's request on January 15, 2010. (Docket Entry No. 73.) On August 26, 2010, this matter was referred to this Court. (Docket Entry No. 76.)

District courts review recommendations and findings made by magistrate judges under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

The Report and Recommendation of Judge Smith is well-reasoned and supported by law, despite the fact that it is difficult to determine with specificity the facts that Plaintiff claims support her causes of action. Even construing Plaintiff's letter of December 30, 2009 as an

objection, it fails to address any of the Report with any specificity. Accordingly, this Court adopts the Report and Recommendation, in its entirety. Defendants' motions to dismiss are hereby GRANTED and Plaintiff's Amended Complaint is hereby DISMISSED with prejudice.

SO ORDERED.

March 23, 2011

                                                            RICHARD OWEN
                                                            UNITED STATES DISTRICT JUDGE